BERTRÁN ET AL., DEMANDANTES Y APELANTES, *v.* CARRASQUILLO, DEMANDADA Y APELADA.

## APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 2055.—Resuelto en noviembre 19, 1920.

PRESCRIPCIÓN—ADJUDICACIÓN INEXISTENTE—AUTORIZACIÓN JUDICIAL.—En 1896 se adjudicaron ciertas fincas en pago de las deudas de un difunto. La demandada, heredera de éste, era menor de edad y la adjudicación se hizo sin haberse obtenido la autorización judicial exigida por la ley. En 1915 se declaró por una corte de justicia nula la adjudicación y se mandó devolver a la menor sus bienes. El adjudicatario inició entonces este pleito contra la menor, hoy mayor de edad, en cobro de la deuda de su causante. La menor alegó que la deuda había prescrito y la corte resolvió el caso en su favor por entender que siendo inexistente la adjudicación, el adjudicatario quedó en la misma condición que si nada hubiera gestionado y por tanto corrió para él el término que para la prescripción de acciones de esta naturaleza fija el estatuto, o sea el de quince años.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. F. González.*

Abogados de la apelada: *Sres. F. Cervoni Gely y R. López Antongiorgi.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del Tribunal.

La cuestión principal envuelta en este recurso es la de si la acción ejercitada por los demandantes ha o no prescrito. La Corte de Distrito de Humacao resolvió tal cuestión en la afirmativa y los demandantes apelaron para ante este tribunal.

Se alega en la demanda, que se dirigió en cobro de dinero contra Modesta Carrasquillo Martínez, que don Manuel María Carrasquillo falleció, bajo testamento, en Humacao, el 9 de julio de 1895, y que al practicarse en 1896 las operaciones testamentarias de los bienes dejados por el mismo, se adjudicaron a Juan Bertrán, causante de los demandantes, varias fincas para el pago de ciertos créditos del propio Bertrán y de otras personas; que en 1915 los herederos de Carrasquillo iniciaron un pleito contra los demandantes sobre reivindica-

ción de las fincas adjudicadas a Bertrán y la corte de distrito lo resolvió por una sentencia que ordenó la práctica de una nueva división de los bienes adjudicados a Bertrán, debiendo entregarse a Modesta Carrasquillo,—demandante en aquel pleito, demandada en éste—la parte proporcional de sus haberes hereditarios en los dichos bienes; que la sentencia de la corte de distrito fué apelada a esta Corte Suprema y confirmada, habiéndose nombrado un partidor para ejecutarla; que el pago de la deuda del causante de la demandada al causante de los demandantes quedó sin efecto y que la parte proporcional de esa deuda que corresponde satisfacer a la demandada,—la décima parte,—asciende a $1,804.76, por cuya suma se pide una sentencia en contra de la demandada.

El hecho de demandar únicamente a Modesta Carrasquillo se debe a que si bien se ordenó en el pleito de que se ha hecho mérito una nueva división de los bienes adjudicados a Bertrán, prácticamente tal división era algo nuevo sólo en cuanto a ella, pues se decidió que los otros herederos habían consentido y ratificado por sus propios actos la adjudicación.

La demandada opuso a la demanda entre otras la excepción previa de falta de hechos suficientes para determinar una causa de acción, porque de la misma demanda aparecía que la acción ejercitada había prescrito de acuerdo con los artículos 1865 del Código Civil Revisado y 1964 del Código Civil antiguo.

La corte tomó bajo su consideración el caso y declaró con lugar dicha excepción, y el 19 de marzo de 1919 se dictó y registró la sentencia apelada desestimando la demanda con las costas a los demandantes.

En su opinión, el juez de distrito se expresó así:

"En lo que respecta a la alegación de prescripción resulta que en mil ochocientos noventa y cinco falleció don Manuel María Carrasquillo adeudando una suma de dinero al causante de las demandantes, señor Bertrán, de cuya suma correspondía a la demandada pagar una parte como una de las herederas del mencionado señor Carrasquillo. Estos hechos demuestran que han transcurrido veinti-

cuatro años por lo menos, que nació para los demandantes el derecho de cobro y para los demandados la obligación de pagar; y siendo ello así, la acción de cobro está prescrita.

"No importa alegar que el período de prescripción fuera interrumpido por el hecho de que en mil ochocientos noventa y seis los herederos de Carrasquillo, entre ellos la demandada, hicieran ciertas adjudicaciones al causante de los actores, y que la adjudicación correspondiente a Modesta Carrasquillo, la demandada, se declaró nula por los tribunales en mil novecientos diez y ocho, pues de acuerdo con las disposiciones del artículo 1874, la prescripción de las acciones sólo se interrumpe: por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por reconocimiento de la deuda.

"La adjudicación hecha a la demandada en mil ochocientos noventa y seis, se hizo cuando ella era menor de edad y habiendo sido declarada inexistente no puede alegarse con éxito esa adjudicación, como interruptora de la prescripción extintiva del derecho que tenía Bertrán a demandar."

Sostiene el apelante que las conclusiones a que llegó la corte de distrito son erróneas. No cita jurisprudencia. Invoca la opinión de Manresa que nada en concreto dice sobre la cuestión debatida.

El razonamiento de la parte apelante está contenido en el siguiente párrafo de su alegato:

"En 23 de agosto de 1915, la demandada y sus demás hermanos, causahabientes de Manuel María Carrasquillo, deudor de Bertrán, pidieron que se declarara ineficaz tal adjudicación, por el fundamento legal, de que habiendo menores de edad interesados en la herencia de don Manuel María Carrasquillo, no había precedido autorización judicial, para adjudicar los bienes a don Juan Bertrán en pago de deudas, y la Corte de Distrito de Humacao, con fecha 12 de marzo de 1917, declaró con lugar la demanda, ordenando que se hiciera una nueva división de los bienes adjudicados al don Juan Bertrán y se entregara a Modesta Carrasquillo, la ahora demandada, la parte proporcional de sus haberes hereditarios en las fincas descritas. De tal suerte el pago de la deuda de don Manuel María Carrasquillo a don Juan Bertrán, quedó sin efecto en cuanto se refiere a la parte proporcional que correspondía a Modesta Carrasquillo y como es consiguiente en ese momento *nació* nuevamente,

revivió, por parte de Modesta Carrasquillo la obligación de pagar la deuda y por parte de la sucesión de don Juan Bertrán el derecho al cobro de la misma. Antes de esa fecha, no podía don Juan Bertrán, ni sus sucesores los demandantes, cobrar una deuda que estaba pagada, porque la obligación estaba extinguida. Cuando se dejó sin efecto el pago, entonces nació el derecho a ejercitar esta acción y sólo desde entonces puede empezar a contarse el tiempo para la prescripción.

"Las acciones prescriben por el lapso de tiempo, y la prescripción es un castigo para el acreedor negligente, pero aquí no estamos en este caso, pues el tiempo transcurrido no es el producto de un abandono o negligencia, sino que era imposible hacer reclamación alguna, porque la deuda estaba satisfecha en virtud de la adjudicación hecha, a don Juan Bertrán el año 1896 en la testamentaría de don Manuel María Carrasquillo."

A nuestro juicio tuvo razón la corte sentenciadora al declarar que la acción de los demandantes se había extinguido por no haberse ejercitado dentro del término que marca la ley. Es cierto que al practicarse las operaciones divisorias de Carrasquillo los herederos de éste reconocieron la existencia de la deuda de Bertrán y le adjudicaron bienes para el pago de la misma, pero es cierto también que tal adjudicación se declaró nula, más que nula, inexistente, en cuanto a la entonces menor, demandada ahora en este pleito. Esa menor no reconoció después, al llegar a su mayor edad, la existencia de la deuda. Por el contrario, demandó y obtuvo la declaración de la absoluta ineficacia en cuanto a ella de la adjudicación hecha a Bertrán para el pago de la misma.

Se dirá que Bertrán no cobró la deuda porque consideraba que la deuda había sido pagada. Sin embargo, Bertrán al actuar en la forma en que lo hizo, actuó en contra de la ley que tenía la obligación ineludible de conocer y por lo tanto asumió el riesgo que tal actuación envolvía. Declarada inexistente la adjudicación vuelven las cosas al ser y estado que tenían antes de llevarse la adjudicación a efecto. Es como si Bertrán nada hubiera hecho y siendo ello así claro es que transcurrió para él con todas sus consecuencias el término

fijado por la ley para el ejercicio de su derecho a cobrar, aún en el caso de que realmente lo tuviera.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández disintió.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ.

Ciertamente que la cuestión principal envuelta en el recurso es la de si la acción ejercitada por los demandantes ha prescrito o no.

Se alega en la demanda como hechos determinantes de la acción que don Manuel María Carrasquillo falleció bajo testamento en Humacao el 9 de julio de 1895, y que al practicarse en 1896 las operaciones testamentarias de los bienes dejados por el mismo, se adjudicaron a Juan Bertrán, causante de los demandantes, varias fincas para el pago de ciertos créditos del propio Bertrán y de otras personas; que en 1915 los herederos de Carrasquillo iniciaron un pleito contra los demandantes sobre reivindicación de las fincas adjudicadas a Bertrán y la corte de distrito lo resolvió por una sentencia que ordenó la práctica de una nueva división de los bienes adjudicados a Bertrán, debiendo entregarse a Modesta Carrasquillo, demandante en aquel pleito, demandada en éste, la parte proporcional de sus haberes hereditarios en los dichos bienes; que la sentencia de la corte de distrito fué apelada a esta Corte Suprema y confirmada; habiéndose nombrado un partidor para ejecutarla; que el pago de la deuda del causante de la demandada al causante de los demandantes quedó sin efecto y que la parte proporcional de esa deuda de la que correspondía satisfacer a la demandada la décima parte, asciende a $1,804.76, por cuya suma se pide una sentencia en contra de la demandada.

A la anterior demanda opuso la demandada la excepción previa de falta de hechos determinantes de una causa de acción, por aparecer que la acción ejercitada había prescrito según los artículos 1865 del Código Civil Revisado y 1964 del Código Civil anterior.

La corte declaró sin lugar la excepción y desestimó la demanda por sentencia de 19 de marzo de 1919 de la que han apelado los demandantes.

Funda la corte su sentencia en que los hechos de la demanda muestran que han transcurrido 24 años por lo menos desde que nació para los demandantes el derecho de cobro y para los herederos de Carrasquillo la obligación de pagar habiendo por tanto prescrito la acción ejercitada.

El anterior razonamiento me parece erróneo.

Las alegaciones de la demanda muestran que la acción reconoce por causa remota una obligación contraída por Manuel María Carrasquillo a favor de Juan Bertrán y por causa próxima la ineficacia declarada por sentencia de la adjudicación de bienes hereditarios de Carrasquillo a Bertrán para pago de ciertos créditos del mismo Bertrán y de otras personas. Hay que distinguir dos obligaciones, una contractual de Carrasquillo a favor de Bertrán extinguida por adjudicación de bienes en pago de ella según el artículo 1124 del Código Civil, y otra legal derivada de la ineficacia de la adjudicación según los artículos 1270 y 1271 del mismo código, que dicen así:

"Artículo 1270.—Declarada la nulidad de una obligación los contratantes deben restituirse recíprocamente las cosas que hubiesen sido materia del contrato, con sus frutos, y el precio con los intereses, salvo lo que se dispone en los artículos siguientes.

"Artículo 1271.—Cuando la nulidad proceda de la incapacidad de uno de los contratantes, no está obligado el incapaz a restituir sino en cuanto se enriqueció con la cosa o precio que recibiera."

La acción que tuviera la Sucesión de Bertrán para exigir a la demandada el pago de la deuda de su difunto padre en

la parte proporcional a ella correspondiente, por haber quedado insoluta dicha deuda a virtud de la ineficacia del pago hecho por adjudicación, nació desde el año 1918, en que fué declarada judicialmente tal ineficacia, y desde esa misma fecha empezó a correr el término de la prescripción de dicha acción según el artículo 1870 del Código Civil, el cual establece que el tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieren ejercitarse. El término para la prescripción no pudo empezar a correr antes por la razón de que el acreedor estaba impedido de ejercitar la acción de nulidad de la adjudicación y tenía por tanto que aceptarla con sus efectos legales, según el artículo 1269 del Código Civil cuyo texto literal es el siguiente:

"Art. 1269.—Pueden ejercitar la acción de nulidad de los contratos los obligados principal o subsidiariamente en virtud de ellos. Las personas capaces no podrán, sin embargo, alegar la incapacidad de aquellos con quienes contrataron;" * * *

La adjudicación en pago de deuda es un verdadero contrato. Admito que Bertrán al aceptar la adjudicación actuó en contra de la ley y por tanto asumió el riesgo que su actuación envuelve, pero ese riesgo no era en términos absolutos el arbitrario de perder su crédito, sino el legal que establece el artículo 1271 ya transcrito del Código Civil que impone al incapacitado la obligación de restituir siempre que se enriquezca con la cosa o precio que recibiere.

Y no importa que falte en la demanda alegación de enriquecimiento de la demandada, por más que *prima facie* parece que se enriquece en perjuicio del deudor quien además de recuperar lo adjudicado en pago de una obligación queda exento de satisfacer la obligación misma cuya certeza y legitimidad de origen no han sido impugnadas. De todos modos, tal cuestión es ajena a la excepción de prescripción que se discute y puede quizás dar lugar a la excepción de falta de causa de acción.

Por las razones expuestas, disintiendo de la opinión de mis ilustrados compañeros, estimo que no puede sostenerse la excepción de prescripción.